E-FILED
Friday, 24 July, 2026  03:20:19 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| LONNIE WELLS,<br>　　Plaintiff, | ) <br> ) <br> ) |
| v. | ) 　Case No. 3:26-cv-03172-SEM <br> ) |
| LATOYA HUGHES *et al.*,<br>　　Defendants. | ) <br> ) <br> ) |

## <u>MERIT REVIEW ORDER</u>

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court are two Motions for Leave to File an Amended Complaint (Doc. 7, 8) and a Motion for Subpoena (Doc. 9) filed by Plaintiff Charles A. Flynn, an inmate at Lincoln Correctional Center ("Lincoln").

The Court grants Plaintiff's Motion for Leave to File (Doc. 8) but denies Plaintiff's remaining motions.

### I. Preliminary Issue

In May 2026, Plaintiff filed an initial Complaint (Doc. 1). Before the Court conducted a screening of Plaintiff's pleading, he filed a Motion for Leave to File an Amended Complaint (Doc. 7), seeking to add a new claim to his initial pleading. However, the Court does not

accept piecemeal amendments to pleadings. Amended pleadings cannot refer to an existing or dismissed Complaint and must contain all claims against all defendants. Therefore, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7) is denied.

## II. AMENDED COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### C. Facts Alleged

Plaintiff alleges constitutional violations at Lincoln against Illinois Department of Corrections Director Latoya Hughes, Lincoln Warden Tiona Farrington, and Corrections Officer Cadet John Doe.

On April 16, 2026, at approximately 8:30 a.m., the inmates in the housing unit where Plaintiff was located were instructed to submit to hand restraints. When Defendant Doe attempted to apply the restraints by pulling Plaintiff's left arm toward his back, Plaintiff heard a pop followed by pain. Plaintiff informed Doe he needed to see a nurse.

After another Corrections Officer approached, Plaintiff confirmed that he did not have a double cuffing permit. The Corrections Officer instructed Defendant Doe to apply double cuffs and informed Plaintiff that he could see a nurse "in a minute." (Doc. 8 at 5.) Plaintiff claims a nurse did not see him until 11:33 a.m. that day.

### D. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This

requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Despite identifying Defendants Hughes and Farrington, Plaintiff does not provide any facts to establish a violation of his constitutional rights. In other words, Plaintiff does not provide any facts from which the Court can infer the personal involvement of Joiner and Nurse in the claimed deprivation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.").

The Court infers that Plaintiff named Defendants Hughes and Farrington based on their respective supervisory responsibilities,

which cannot impose § 1983 liability. *See Gossmeyer v. McDonald,* 128 F.3d 481, 495 (7th Cir. 1997) ("The doctrine of respondeat superior cannot be used to impose § 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) (noting that because vicarious liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, Plaintiff fails to state a plausible claim against Hughes and Farrington.

In excessive force cases, a "claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing harm,' or . . . that officials used force with 'a knowing willingness that [harm] occur.'" *Farmer v. Brennan,* 511 U.S. 825, 835–36 (1994) (quoting *Hudson v. McMillian,* 503 U.S. 1, 6–7 (1992)).

Plaintiff does not state an excessive force claim against Defendant Doe as Plaintiff does not provide any facts that establish or permit the Court to infer that Doe applied force intending to cause Plaintiff harm.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective element, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff's account is also insufficient to state a deliberate indifference claim against Defendant Doe, as Doe was not the official who informed Plaintiff to wait for medical care. Additionally, given the facts presented, the inference to be drawn is that the

officials' primary task was to restrain all inmates in the housing unit and transport them to the intended destination before addressing Plaintiff's request to see medical personnel, which does not demonstrate the requisite mental state.

Therefore, although Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) is granted, his amended pleading is dismissed for failure to state a plausible claim for relief. However, Plaintiff is granted leave to file a second amended pleading. In the interest of efficiency and judicial economy, the Court provides the following guidance.

If Plaintiff submits a motion for leave to file a second amended complaint, his filing must not exceed ten pages in total length and shall not contain attachments. As earlier noted, the Court does not accept piecemeal amendments. The second amended complaint must stand completely on its own and must contain all claims against all defendants. This prevents confusion over intended claims and defendants.

The Court cautions Plaintiff that joining unrelated claims and unrelated defendants into his amended complaint violates the controlling principle in Federal Rule of Civil Procedure 18(a). Fed. R.

Civ. P. 18(a). In other words, multiple claims against a single defendant are permitted, but "Claim A against defendant 1 should not be joined with unrelated Claim B against defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Court also notes that the events Plaintiff raises in his amended pleading occurred on April 16, 2026. However, Plaintiff filed his initial pleading on May 19, 2026, and his amended pleading on July 23, 2026. In both filings, Plaintiff asserted that "he did not know" whether the grievance process was completed, explaining that "it's been twenty-two days and I've heard nothing from the two grievances" submitted. (Doc. 8 at 4.)

The Court cautions Plaintiff that the Illinois Administrative Code ("Code") outlines the process and timeline for resolving inmate grievances within IDOC. *See* Ill. Admin. Code tit 20, § 504.800 et seq. (2017), promulgated in 41 Ill. Reg. 3908-14 (March 31, 2017), effective April 1, 2017. For example, § 504.830(e) of the Code states that a "grievance officer shall consider the grievance and report his or her findings and recommendation in writing to the Chief Administrative Officer within two months after receipt." *Id.*; *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)

(explaining that if an inmate fails to follow the grievance procedures, his claims will not be exhausted but instead forfeited).

### III. SUBPOENA

Plaintiff's Motion for Subpoena is denied. If Plaintiff files a second amended pleading that the Court determines states a claim, the identified defendant or defendants will have sixty days to return their respective waivers of service and file an Answer. Thereafter, the Court will enter a Scheduling Order that will open discovery and provide Plaintiff with guidance on the requirements for requesting a subpoena.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7) is DENIED.**

2) **Plaintiff's Motion for Subpoena (Doc. 9) is DENIED.**

3) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 8) is GRANTED.**

4) **Plaintiff's amended pleading is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

5) **The Court GRANTS Plaintiff leave to file a Second Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without**

**prejudice.**

ENTERED July 24, 2026.


s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE