E-FILED
Thursday, 19 November, 2026 03:33:17 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **LONNIE WELLS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-03172-SEM** |
| | ) | |
| **LATOYA HUGHES *et al.*,** | ) | |
| **Defendants.** | ) | |

**<u>MERIT REVIEW ORDER</u>**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Third Amended Complaint (Doc. 17), Motions for Counsel (Doc. 12, 15), and a Motion for Change of Venue (Doc. 13) filed by Plaintiff Charles A. Flynn, an inmate at Lincoln Correctional Center ("LCC").

The Court grants Plaintiff's Motion for Leave to File (Doc. 8) but denies Plaintiff's remaining motions.

## I. BACKGROUND

In May 2026, Plaintiff filed an initial Complaint (Doc. 1) alleging constitutional violations at LCC against the Illinois Department of Corrections Director Latoya Hughes, Warden Tiona Farrington, and Correctional Officer John Doe. Before the Court

screened the pleading, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 7), seeking to add a new claim. The Court denied Plaintiff's request for leave, noting the Court's prohibition on piecemeal amendments to pleadings. (Doc. 11 at 2.)

Plaintiff subsequently filed a Motion for Leave to File a Second Amended Complaint that the Court granted. However, following screening, the Court dismissed Plaintiff's second amended complaint for failure to state a plausible claim for relief. (*Id.* at 7.)

Despite the Court's dismissal, Plaintiff was granted additional time to file a Third Amended Complaint, which Plaintiff timely submitted. (Doc. 17)

## II. THIRD AMENDED COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing

them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

Plaintiff's pleading alleges that Defendant John Doe used excessive force by pulling and twisting Plaintiff's left arm until it became dislocated, causing Plaintiff severe pain, swelling, and bruising.

**C. Analysis**

Initially, the Court notes that an amended pleading supersedes all prior complaints in their entirety. Therefore, a prior complaint does not revive a claim that was dropped in the amended complaint. *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012); *see also Carver v. Condie*, 169 F.3d 469, 472 (7th Cir. 1999) ("Once the amended complaint was filed . . . it became the governing document in the case and any allegations . . . not brought forward fell by the wayside.").

Plaintiff's account in his third amended pleading neither lists Defendant Farrington or Hughes nor provides facts that permit the inference that they violated Plaintiff's constitutional rights.

In excessive force cases, a "claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing harm,' or . . . that officials used force with 'a knowing willingness that [harm] occur.'" *Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)).

Plaintiff's account is sufficient to state an Eighth Amendment excessive force claim against Defendant Doe. However, because the Clerk of the Court cannot issue a waiver of service on a Doe Defendant, LCC Warden Fiona Farrington is added as a party solely to facilitate identification of the unknown Defendant. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation" by "allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally

responsible.”).

## III. REMAINING MOTIONS

### A. Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The Court can only ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff’s motion for counsel, the Court must ask two questions: “(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?” *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

In support of the first inquiry, Plaintiff appends a letter from a law firm in Mount Vernon, Illinois, which specializes in personal injury litigation that declined to represent Plaintiff.

The Court concludes Plaintiff fails to meet the first threshold of *Pruitt*, 503 F.3d at 654, by showing he reasonably attempted to obtain counsel or was effectively precluded from doing so. However, even if Plaintiff satisfied his mandatory threshold requirement under *Pruitt*, the Court concludes that recruiting counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendants have been served and filed their answers to Plaintiff's complaint, which usually takes sixty days, the Court will enter a scheduling order that provides guidance and deadlines to assist Plaintiff during the discovery process. Therefore, the Court denies Plaintiff's Motions for Counsel (Docs. 12, 15), with leave to renew on a more developed record.

**B. Venue**

Plaintiff requests the transfer of his case "to the appropriate county," where the events giving rise to his claim occurred. Because Plaintiff's claim arose in LCC, which is in Logan County, the Central District Court of Illinois has jurisdiction. *See* 28 U.S.C. § 93(b) (listing the Illinois counties that comprise the Central District of

Illinois, which includes Logan County). Therefore, Plaintiff's Motion for Change of Venue (Doc. 13) is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Docs. 12, 15) and for Change of Venue (Doc. 13) are DENIED.**

2) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment excessive force claim against Defendant Doe. Plaintiff's claim against Defendant proceeds in his individual capacity only. LCC Warden Tiona Farrington is added as a party solely to facilitate Doe's identification. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Court directs the Clerk of the Court ("Clerk") to dismiss Laytoya Hughes as a party.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and**

**dispositive motion deadlines.**

6) **If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

7) **Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings must address the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.**

8) **This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

**9) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

**10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**11) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

**12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**13) The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED January 19, 2026.

s/ *Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE